IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR-09-115-BLG-SPW-CSO |
|---|---|
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE SUPERVISED RELEASE** |
| DALE VERNAL CAMPBELL, | |
| Defendant. | |

A petition alleges that Defendant violated eight conditions of his supervised release. *Petition (ECF No. 37)*. Judge Watters referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. *Order (ECF No. 39)* (citing 28 U.S.C. § 636(b)(1)(B) and Fed. R. Crim. P. 59(a)).

On January 12, 2016, the Court conducted the final revocation hearing. Defendant admitted all violations except Violation No. 8. As discussed below, it is recommended that Defendant's supervised release be revoked and that the Court sentence Defendant to 12 months and one day imprisonment with no term of supervised release to follow.

1

## I. Petition and Final Revocation Hearing

On April 27, 2010, Defendant pled guilty to the offense of failure to register as a sexual offender. *ECF No. 14*. On July 30, 2010, the Court sentenced him to 14 months imprisonment to be followed by five years of supervised release. *ECF Nos. 20 and 21*. Defendant began serving his term of supervised release on March 22, 2011. *ECF No. 23*.

On July 10, 2014, Defendant's supervised release was revoked for violating seven conditions of his supervised release. *ECF Nos. 23, 30, and 35*. He was sentenced to 5 months imprisonment 55 months of supervised release. *ECF No. 35*.

Defendant began his second period of supervised release on November 14, 2014. *ECF No. 37*.

On June 2, 2015, the United States Probation Office filed the petition now at issue. *Id*. The petition alleges that Defendant violated eight conditions of supervised release and provides a brief explanation of each violation. *Id*.

Defendant appeared at the revocation hearing represented by Steve Babcock. Brendan McCarthy represented the United States.

The undersigned explained the Findings and Recommendations procedure to Defendant, including his right to appear before a district judge, and the necessity of timely objecting to the Findings and Recommendations in order to preserve that right. After consenting to proceed, Defendant admitted all of the violations as alleged in the petition except for Violation No. 8.

The Court heard testimony respecting Violation No. 8. After hearing and considering the testimony, the Court found by a preponderance of the evidence that Defendant committed Violation No. 8 as alleged in the Petition.

The Court, having concluded that Defendant committed Violation No. 8, also accepted Defendant's admission that he committed Violation Nos. 1-7. The Court calculated that Defendant's violation grade is C, his criminal history category is II, and the underlying offense is a class C felony. The maximum statutory sentence is 24 months incarceration, and 55 months supervised release, less any incarceration time imposed. The Chapter 7 Guideline Provisions are 4 to 10 months of custody and 55 months of supervised release (less any custody time imposed). Mr. McCarthy and Mr. Babcock agreed with those calculations.

Mr. Babcock requested a sentence of 7 months imprisonment to be followed by a period of supervised release at the Court's discretion.  He noted that the record reflects that Defendant has substance abuse problems for which he needs treatment.  He acknowledged that Mr. John Ross, the probation and pretrial services officers handling Defendant's supervised release, attempted to work with Defendant.  But, Mr. Babcock argued, Defendant is now more serious about his need for treatment, and has family support this time to help him succeed with treatment.

Mr. McCarthy recommended a sentence of 10 months imprisonment with 45 months of supervised release to follow.  He noted Defendant absconded from supervision and the supervising officer was unable to determine Defendant's sobriety status during this period of time.  The inability to supervise Defendant during this period made him a danger to the community.

Defendant stated that he takes full responsibility for his actions, but asked for help in getting treatment for substance abuse issues.  He noted he does well when he is straight.  He also noted that, although this is the seventh time that he has appeared before a federal judge, it

4

is the first time he has asked for such help.  He also apologized to the Court and to Mr. Ross, who he acknowledged tried to work with him.

II. <u>Analysis</u>

Based on Defendant's admission to seven violations of his conditions of supervised release and the Court's determination, by a preponderance of the evidence, that he also committed Violation No. 8, his supervised release should be revoked.  The Court should sentence Defendant to 12 months and one day imprisonment, with no term of supervised release to follow.

The recommended sentence departs from the Chapter 7 Policy Guideline range.  It is authorized under 18 U.S.C. § 3583(e).  In considering the factors set forth in section 3553(a)(1), the Court notes that this is the second time Defendant's whereabouts were unknown.  As such, considering his criminal history, he posed a serious threat to the community.  The Court must consider section 3553(a)(2)(C), the need for the sentence imposed "to protect the public from further crimes of the defendant."  Here, Defendant's original offense was sexual abuse of a minor, while under the influence of drugs.  With Defendant failing to make his treatment appointments and not checking in with

his probation officer, the status of his sobriety was unknown. This could place the community at further risk, as Defendant is more likely to reoffend while under the influence of drugs or alcohol. Also, Defendant is presently being charged with an additional crime – failure to register as a sexual offender – which is currently set for trial on February 29, 2016. *See U.S. v. Campbell, CR-15-84-SPW.*

### III. Conclusion

Defendant was advised that the above sentence would be recommended, and reminded that he has the right to appear and allocute before a district judge. The undersigned instructed Defendant that he may object to these Findings and Recommendations within 14 days of their issuance, and must do so if he wishes to preserve his right to allocute before a district judge.

Based on Defendant's admissions at the hearing, the Court **FINDS** that Defendant committed Violation Nos. 1-7 as alleged in the Petition. The Court further **FINDS**, based on a preponderance of the evidence at the hearing, that Defendant committed Violation No. 8.

Accordingly, **IT IS RECOMMENDED** that:

The Court should revoke Defendant's supervised release and

sentence Defendant to 12 months and one day imprisonment, with no supervised release to follow.

The Court should recommend that, if possible, the Defendant's term of imprisonment be served at the BOP facility at Englewood, Colorado.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). The district judge will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a *de novo* determination, and may waive the right to appear and allocute before a district judge.

DATED this 12th day of January, 2016.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge